IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RACHELLE M. EDWARDS, individually )
and as guardian ad litem for )
KIMBERLEE EDWARDS, LYDIA EDWARDS, )  2:07-cv-00690-GEB-DAD
DANIELLE EDWARDS, and )
SEAN EDWARDS, )  <u>TENTATIVE RULING ISSUED</u>
 )  <u>IN ADVANCE OF MARCH 23,</u>
          Plaintiffs, )  <u>2009 HEARING</u>
 )
     v. )
 )
RICHARD JOHN LOCKHART, )
DAIMLERCHRYSLER MOTORS COMPANY )
LLC, and DAIMLERCHRYSLER )
CORPORATION, )
 )
          Defendants. )
_____)

        Plaintiffs move for leave to file under seal Plaintiffs' petition for approval of minors' compromise against Defendants Chrysler Motors, LLC (erroneously sued herein as DaimlerChrysler Motors Company, LLC) and Chrysler LLC (erroneously sued herein as DaimlerChrysler Corporation) (collectively, the "Chrysler Defendants") and have submitted for in camera consideration the documents they desire sealed. Plaintiffs have agreed to settle all of their claims against the Chrysler Defendants "subject to a confidentiality agreement as to the amount." (Mot. at 4:6-7.) Plaintiffs' counsel

Stephen M. Murphy declares "Plaintiffs agreed to the confidentiality of the settlement amount which shall not be disclosed unless required by law." (Murphy Decl. ¶ 2.)

Plaintiffs argue "California courts have recognized the need to respect the confidentiality provisions in settlement agreements," citing California cases permitting settlement agreements to be filed under seal. However, federal law governs the sealing decision.

> Unless a particular court record is one traditionally kept secret, a strong presumption in favor of access is the starting point. A party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the "compelling reasons" standard. That is, the party must articulate[] compelling reasons supported by specific factual findings, that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process. . . .
>
> The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records.

Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1178-79 (9th Cir.2006) (internal quotations and citations omitted); see also Franklin v. AllState Corp., No. C-06-1909, 2008 WL 2661943, at *1 (N.D. Cal. June 25, 2008) (denying motion to file under seal a petition for approval of minors' compromise because the movant failed to identify a "cognizable basis upon which the [petition] documents may be filed under seal"); El Paso Natural Gas Co. v. Southwest Forest Products, Inc., No. CV 05-4068, 2008 WL 4808892, at *1 (D. Ariz. Oct. 28, 2008) (denying the parties' joint motion to seal settlement agreement because "the parties have failed to articulate how the parties' need for confidentiality of the settlement agreement overcomes the strong presumption of public access to the parties'

2

agreement"). The movants appear oblivious to the "compelling reasons" standard, since their motion does not contain specific factual findings required under the standard.

The strictures of the standard could be avoided if Plaintiffs' petition for approval of minors' compromise against the Chrysler Defendants is returned to Plaintiffs so that Plaintiffs are provided the opportunity to re-file their petition on the public docket, except for the following portions of their petition: the picture of minor Kimberlee Edwards which shall be redacted from Exhibit B, and only a redacted version of Exhibit B shall be filed on the public docket; and Exhibits C through H, which are Plaintiffs' medical records and reports, shall be detached from the petition filed on the public docket since these documents are not necessary for a decision on whether to approve the settlement agreement. Compliance with this portion of this Order makes it unnecessary for the movants to engage in the futile effort of trying to satisfy the "compelling reasons" standard. Therefore, the movants shall comply with this Order in a public filing no later than May 24, 2009.

Plaintiffs also move for approval of minors' compromise against the Chrysler Defendants and approval of minors' compromise against Defendant Richard John Lockhart.[1] Plaintiffs seek approval of the settlement of their negligence and products liability claims relating to an automobile accident.

Under Local Rule 17-202, "the court must approve the settlement of the claims of a minor," which includes decision on the amount of attorneys' fees requested. Schwall v. Meadow Wood

---

[1] Plaintiffs' petition for approval of minors' compromise against Lockhart has been filed on the public docket.

Apartments, No. CIV. S-07-0014, 2008 WL 552432, at *1 (E.D. Cal. Feb. 27, 2008). "In considering the fairness of a settlement of minors' claims, federal courts generally are guided by state law. Under California law, a court must approve the amount paid out of the settlement for attorneys fees and costs for claims brought by minors." Id. (internal citations omitted); Walden v. Moffett, No. CV-F-04-6680, 2007 WL 2859790, at *3 (E.D. Cal. Sept. 26, 2007). "A 'reasonable' attorney fee for the settlement of a minor's claim is 25%." Schwall, 2008 WL 552432, at *1 (citing Sacramento Superior Court Rule 10.02); see also Walden, 2007 WL 2859790, at *3 ("[M]ost courts require a showing of 'good cause' to award more than 25% of any recovery." (quoting 2 Weil & Brown, Cal. Practice Guide, Civil Procedure Before Trial (2002) Settlement Procedures ¶¶ 12:576, 12:577)).

Attorneys' fees in both settlement agreements are approximately 25% of the settlement amount. Further, the allocation of the settlement amount is as follows: 87% to minor Kimberlee Edwards, who suffered permanent vision loss; 1% each to minors Lydia, Danielle, and Sean Edwards, who suffered bruises and emotional distress; and 10% to Rachelle Edwards, who suffered injuries to her feet and shoulder and emotional distress. The allocation of the settlement amount is reasonable in light of "the nature and extent of injuries" to each Plaintiff. Walden, 2007 WL 2859790, at *3. Accordingly, both petitions are approved.

Dated: March 20, 2009

_____
GARLAND E. BURRELL, JR.
United States District Judge