IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RACHELLE M. EDWARDS, individually )
and as guardian ad litem for )
KIMBERLEE EDWARDS, LYDIA EDWARDS, )  2:07-cv-00690-GEB-DAD
DANIELLE EDWARDS, and )
SEAN EDWARDS, )  ORDER
                                  )
          Plaintiffs,             )
                                  )
     v.                           )
                                  )
RICHARD JOHN LOCKHART,            )
DAIMLERCHRYSLER MOTORS COMPANY    )
LLC, and DAIMLERCHRYSLER          )
CORPORATION,                      )
                                  )
          Defendants.             )
_____)

Plaintiffs move for leave to file under seal Plaintiffs' petition for approval of minors' compromise against Defendants Chrysler Motors, LLC (erroneously sued herein as DaimlerChrysler Motors Company, LLC) and Chrysler LLC (erroneously sued herein as DaimlerChrysler Corporation) (collectively, the "Chrysler Defendants") and have submitted for in camera consideration the documents they desire sealed. Plaintiffs have agreed to settle all of their claims against the Chrysler Defendants "subject to a confidentiality agreement as to the amount." (Mot. at 4:6-7.) Plaintiffs' counsel Stephen M. Murphy declares "Plaintiffs agreed to the confidentiality

of the settlement amount which shall not be disclosed unless required by law." (Murphy Decl. ¶ 2.)

Plaintiffs argue "California courts have recognized the need to respect the confidentiality provisions in settlement agreements," citing California cases permitting settlement agreements to be filed under seal. However, federal law governs the sealing decision.

> Unless a particular court record is one traditionally kept secret, a strong presumption in favor of access is the starting point. A party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the "compelling reasons" standard. That is, the party must articulate[] compelling reasons supported by specific factual findings, that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process. . . .
>
> The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records.

Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1178-79 (9th Cir.2006) (internal quotations and citations omitted); see also Franklin v. AllState Corp., No. C-06-1909, 2008 WL 2661943, at *1 (N.D. Cal. June 25, 2008) (denying motion to file under seal a petition for approval of minors' compromise because the movant failed to identify a "cognizable basis upon which the [petition] documents may be filed under seal"); El Paso Natural Gas Co. v. Southwest Forest Products, Inc., No. CV 05-4068, 2008 WL 4808892, at *1 (D. Ariz. Oct. 28, 2008) (denying the parties' joint motion to seal settlement agreement because "the parties have failed to articulate how the parties' need for confidentiality of the settlement agreement overcomes the strong presumption of public access to the parties'

2

agreement"). The movants appear oblivious to the "compelling reasons" standard, since their motion does not contain specific factual findings required under the standard.

The strictures of the standard could be avoided if Plaintiffs' petition for approval of minors' compromise against the Chrysler Defendants is returned to Plaintiffs so that Plaintiffs are provided the opportunity to re-file their petition on the public docket, except for the following portions of their petition: the picture of minor Kimberlee Edwards which shall be redacted from Exhibit B, and only a redacted version of Exhibit B shall be filed on the public docket; and Exhibits C through H, which are Plaintiffs' medical records and reports, shall be detached from the petition filed on the public docket since these documents are not necessary for a decision on whether to approve the settlement agreement. Compliance with this portion of this Order makes it unnecessary for the movants to engage in the futile effort of trying to satisfy the "compelling reasons" standard; since the parties agreed with the tentative ruling issued on this point in a filing on March 27, 2009, the movants shall comply with above stated requirement in a public filing no later than April 1, 2009. Further, the Tenative Ruling filed on March 20, 2009, approving the settlement, is adopted as the decision on the pending motion.

Dated: March 30, 2009

_____
GARLAND E. BURRELL, JR.
United States District Judge

3